IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILLIPS STAFFING SERVICES, INC., | § | |
| d/b/a ALL STAR STAFFING SERVICES, | § | |
| INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-407 |
| | § | |
| SPHERION ATLANTIC WORKFORCE, | § | |
| L.L.C., SPHERION PACIFIC WORKFORCE | § | |
| L.L.C., and TEMPAY, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS SPHERION ATLANTIC WORKFORCE LLC,
AND SPHERION PACIFIC WORKFORCE LLC'S MOTION FOR A MORE DEFINITE
STATEMENT AND DEFENDANT TEMPAY, INC.'S MOTIONS TO DISMISS**

The following motions are currently pending before the court:

(1)     Defendants' Motion for a More Definite Statement Pursuant to Rule 12(e) and
Brief in Support (docket entry #22);

(2)     Defendant Tempay, Inc.'s Motion to Dismiss First Amended Complaint (docket
entry #18);

(3)     All-Star Staffing Services' Response to Defendant Tempay, Inc.'s Motion to
Dismiss First Amended Complaint (docket entry #26);

(4)     TemPay, Inc.'s Reply in Support of its Motion to Dismiss First Amended
Complaint (docket entry #29);

(5)     Defendant Tempay, Inc.'s Motion to Dismiss and Stay and Brief in Support
Thereof (docket entry #49);

(6)     All Star Staffing Services' Response to Defendant TemPay, Inc.'s Motion to
Dismiss and Stay (docket entry #52); and

(7)     Defendant TemPay, Inc.'s Reply in Support of its Motion to Dismiss and Stay

(docket entry #53).

Upon consideration of the motions, responses, replies and applicable law, the court is of the opinion that the motion for a more definite statement should be denied as should both motions to dismiss and the motion to stay.

## I. BACKGROUND

This case is a consolidation of two lawsuits: the instant lawsuit, brought by Plaintiff Phillips Staffing Services, Inc. d/b/a All Star Staffing Services, Inc. ("Plaintiff") against Spherion Atlantic Workforce, L.L.C. and Spherion Pacific Workforce, L.L.C. (collectively, "Spherion") and a lawsuit originally brought by TemPay, Inc. ("TemPay") in the Northern District of Texas against Plaintiff and Spherion.  By the parties' agreement, the latter case was transferred to the Eastern District and consolidated with the instant lawsuit.  In accordance with the Consolidation Order, all filings have been made in the instant action.

This lawsuit involves disputes over two contracts.   *See* Brief in Support of Def. Tempay's Mot. to Dismiss First Amended Compl., p. 1.   Plaintiff and TemPay entered into the first contract whereby TemPay agreed to perform various services and to provide funds to Plaintiff ("TemPay contract") so that Plaintiff could pay its temporary employees their wages.  Sec. Amend. Compl. ¶ 8.  Thereafter, Plaintiff entered into an agreement with Spherion whereby Plaintiff would provide Spherion with temporary employees for Spherion to use to fulfill an agreement it had with Blockbuster, Inc.  In essence, the agreements worked together as follows: TemPay conducted the necessary accounting, which it sent to Spherion.  Once Blockbuster paid Spherion, Spherion would pay the invoice that TemPay had submitted.  Upon receiving Spherion's payment, TemPay would deduct the amount it had previously paid to Plaintiff plus a fee and the remainder would be sent to

Plaintiff as profits.  *Id.* at ¶ 10.

At some point the agreement broke down.  Spherion stopped paying the invoices sent to them by TemPay, and TemPay therefore stopped advancing funds to Plaintiff. As a result Plaintiff was unable to pay the numerous temporary employees it had provided to Spherion and also had to lay off several temporary employees.  *Id.* at ¶¶ 11, 13.  Plaintiff also alleges that TemPay refused to pay Plaintiff the profits Plaintiff was entitled to under the TemPay contract and TemPay failed to perform on obligations it had agreed to under the TemPay contract. *Id.* at ¶ 12.

On July 14, 2006, Plaintiff filed its First Amended Complaint.  On July 28, 2006, Spherion filed a motion for a more definite statement, arguing that the specific causes of action alleged in Plaintiff's First Amended Complaint were so vague and ambiguous that they could not reasonably prepare a responsive pleading.  Specifically, Spherion contends that the Plaintiff's slander and Deceptive Trade Practices Acts ("DTPA") claims were vague and ambiguous.  Plaintiff filed a Second Amended Complaint on August 25, 2006.  To date, TemPay has filed two motions to dismiss, the first on July 24, 2006 and the second on January 26, 2007.  In addition to filing its original lawsuit in the Northern District and its motions to dismiss, TemPay has filed an original and an amended Answer, Crossclaim and Counterclaim and agreed motions to enlarge time to complete discovery and to modify the scheduling order.  TemPay has also participated in discovery by sending and responding to written discovery and participating in the depositions of two Spherion witnesses.

## II.  MOTION FOR A MORE DEFINITE STATEMENT

As stated, Spherion has filed a motion for a more definite statement and in response, Plaintiff filed its Second Amended Complaint.  If a complaint is so vague and ambiguous that a defendant cannot reasonably be required to frame an answer, "even with a simple denial, in good faith or

without prejudice to [itself]," the proper method by which the defendant should request that a plaintiff clarify its claims is through a Rule 12(e) motion. *Lopez v. San Antonio State Hosp.*, 2006 WL 3372503, *1 (Nov. 20, 2006 W.D. Tex.) (quotations omitted).  Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a).  But a complaint may nonetheless be found inadequate if it fails to "(1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing Fed. R. Civ. P. 8(a)). In response to a motion for a more definite statement, the plaintiff may "submit an amended pleading containing sufficient detail to satisfy the court and to meet his opponent's valid objections to the earlier pleading."  *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000).  A motion for a more definite statement is not a substitute for obtaining information that may be clarified or developed through discovery. *Ragsdale v. Classroom Teachers of Dallas*, 2007 WL 426637, *6 (Feb. 5, 2007 N.D. Tex.) (citing *Arista Records, L.L.C. v. Greubel*, 453 F. Supp. 2d 961 (N.D. Tex. 2006)).

With regard to the slander claim in the First Amended Complaint, Spherion argues that Plaintiff did not provide the most basic information concerning who made the alleged statement and further, to whom it was made, where it was made, or when it was made.  In its Second Amended Complaint, Plaintiff added the following facts: that Spherion, through its employees, told Plaintiff's current and potential employees that Plaintiff did not pay its employees; that Plaintiff knew of at least three specific individuals to whom these remarks were made; and that the statements were made during the same time that Spherion was refusing to pay Plaintiff.  Plaintiff did not specifically name those "known individuals" to whom the alleged statements were made and did not give specific

-4-

information as to where the alleged statements were made. The court finds, however, that such information is a proper subject for discovery and need not be stated in "notice" pleadings.  It is sufficient and intelligible that Spherion knows generally who made the statements, what was said, and when the statements were made.

Spherion further argues that the DTPA claim fails to identify any alleged actions taken by the Defendants which violate the DTPA.  The Plaintiff did not add many, if any, additional facts to the Second Amended Complaint, but the false, deceptive and misleading acts and practices that Plaintiff alleges includes inducing Plaintiff to enter into a contract for services whereby one of the defendants promised to perform proper accounting and failed to do so.  Plaintiff also specifically cites four sections of the DTPA which it claims the Defendants violated. Interestingly, the First Amended Complaint specified that Spherion committed these DTPA violations whereas in the Second Amended Complaint, Plaintiff alleges it was TemPay.

The court finds that the Second Amended Complaint provides sufficient notice of circumstances giving rise to Plaintiff's claim and also sets forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.  The Second Amended Complaint satisfies Rule 8(a); any remaining information Spherion is seeking, such as to whom specifically the alleged slanderous statements were made, may be appropriately learned through the discovery process.  Plaintiff has provided enough factual information for Spherion to respond to the Plaintiff's allegations.  As such, the court finds that the Second Amended Complaint satisfies Rule 8(a), and therefore, Spherion's motion for a more definite statement is **DENIED**.

## III. MOTIONS TO DISMISS

A.   Motion to Dismiss First Amended Complaint

TemPay filed a motion to dismiss the First Amended Complaint on July 24, 2006, essentially arguing that the fraud cause of action was not pleaded with proper specificity and that technical defects in the service of the First Amended Complaint warranted dismissal.  Plaintiff responded and also filed a Second Amended Complaint, removing the fraud claim.  TemPay has conceded that any actions Plaintiff has taken have essentially mooted the Motion to Dismiss the First Amended Complaint because such actions cured the procedural defects.  *See* Def. TemPay's Reply in Support of its Mot. to Dismiss & Stay (de#53), p.3.  As such the court finds that the Defendant Tempay, Inc.'s Motion to Dismiss First Amended Complaint should be denied as moot.

B.   Second Motion to Dismiss[1]

   a.   *Legal Standard*

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-14 (2000), a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that [] arbitration proceed in the manner provided for in such agreement."  *Id.* § 4.  Under the FAA, the court may stay a case if the court finds that some claims are arbitrable.  *Id.* § 3.  If, however, the court finds that all claims are arbitrable, the court should dismiss rather than stay the case.  *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Reynolds v. Halliburton Co.*, 217 F. Supp. 2d

---

[1]  The court is aware that TemPay also contends that Plaintiff's claims should be dismissed because Plaintiff's corporate charter was forfeited for failing to pay its taxes.  Since that time Plaintiff has paid its delinquent taxes, and its corporate charter has been reinstated.  The payment relates back and revives any corporate rights that were forfeited, so TemPay's argument as to the forfeiture of Plaintiff's corporate charter is moot and will not be further addressed by the court.  *See Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 839 (Tex. App. – Houston [1st Dist.] 1999, no pet.).

756, 758 (E.D. Tex. 2002).

"Arbitration is a matter of contract between the parties." *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1064 (5th Cir. 1998). But the right to arbitrate may be waived just as any other contractual right. *Miller Brewing Co. v. Fort Worth Distributing Co., Inc.*, 781 F.2d 494, 497 (5th Cir. 1986). Waiver of arbitration is not favored, however, and there is a presumption against it. *Williams v. Cigna Financial Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995). Generally, waiver will be found when the party seeking arbitration "substantially invokes the judicial process to the detriment or prejudice of the other party." *See id.* To invoke the judicial process, "the party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Republic Ins. Co. v. Paico Receivables, L.L.C.*, 383 F.3d 341, 344 (5th Cir. 2004) (quoting *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999)). To determine the amount of prejudice to the party opposing arbitration, the court should examine: (1) the extent to which the pretrial activity focused upon claims which would be arbitrable; (2) the time and expense incurred in defending against dispositive motions; and (3) whether the party timely asserted its right to arbitrate. *Id.* at 346.

Failing to assert the right to arbitrate does not alone mean that a party has waived its right to arbitrate; however, such a failure will bear upon the question of prejudice and may, taken into consideration with other factors, require a court to conclude waiver has occurred. *Frye v. Paine, Webber, Jackson & Curtis, Inc.*, 877 F.2d 396, 399 (5th Cir. 1989). Any doubts concerning whether arbitration should be compelled should be resolved in favor of arbitration. *Price v. Drexel Burnham Lambert, Inc.*, 791 F.3d 1156, 1158 (5th Cir. 1986) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

b.    *Discussion and Analysis*

While the court acknowledges the presumption against waiver, after a review of the law of the Fifth Circuit, the court is of the opinion that TemPay has waived its right to arbitration.  The Funding Agreement between TemPay and Plaintiff contains an arbitration clause, which states:

> [a]ny dispute or disagreement between the parties arising out of or in relation to this Agreement or the transactions or relationships contemplated hereby shall be settled by arbitration under the commercial arbitration rules then obtaining of the American Arbitration Association ... and any judgment upon the award may be entered in any court of competent jurisdiction.

Def. Motion to Dismiss and Stay, Ex. D, ¶ 14.1.

Plaintiff did not allege that the arbitration clause did not apply in the instant case, but rather has argued that TemPay waived its right to arbitration by its involvement in pretrial litigation. Further, Plaintiff argues it would be prejudiced if arbitration occurred because it has spent $34,345.00 in attorney's fees since October 26, 2005, the date that TemPay brought its original suit against Plaintiff. While there is not one specific action TemPay has taken which would alone result in waiver, when all of TemPay's actions taken as a whole are examined, the court concludes that TemPay has waived its right to arbitrate its claims and the claims against it in the instant lawsuit.

In virtually all cases where the courts have found that the party did not waive its right to arbitrate, integral to the court's decision was the party's timely assertion of its right to arbitrate. *See, e.g., Tenneco Resins, Inc. v. Davy Int'l,* 770 F.2d 416, 420-21 (5th Cir. 1985) (finding that the defendant's assertion of its right to arbitrate in its answer to the original complaint mitigated the defendant's failure to move for a stay pending arbitration for eight months and participation in minimal discovery); *Cigna*, 56 F.3d at 661-62 (finding the fact that Cigna asserted its right to arbitrate as soon as it discovered its claims were subject to arbitration and the fact that it responded

-8-

to discovery while reserving its right to arbitrate in writing mitigated the fact that Cigna removed the case, filed a motion to dismiss, answered the complaint, asserted a counterclaim, and responded to Rule 26 discovery); *Mitsui & Co., Ltd. v. Delta Brands, Inc.*, 2005 WL 1214603, *6-7 (May 20, 2005 N.D. Tex) (finding no waiver when Mitsui expressly stated its intent to arbitrate in its initial complaint and there was little to no pretrial discovery or motions practice).  Additionally, courts often noted that if the party seeking arbitration filed dispositive motions, they did so merely from a defensive posture.  *See, e.g., KeyTrade USA, Inc. v. AIN Temouchent M/V*, 404 F.3d 891, 897-98 (5th Cir. 2005) (noting no legal authority for why a motion for summary judgment filed from a defensive posture can be characterized as an invocation of judicial process, but noting also that the party seeking arbitration concurrently filed a motion to compel arbitration in the alternative to its motion for summary judgment); *Gulf Guaranty Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 485 (5th Cir. 2002) (finding no waiver when the party seeking arbitration did no more than defend itself against the claims made against it).  In sum, the Fifth Circuit has not established a fixed rule as to what constitutes "invoking the judicial process;" rather it has examined each case individually, but in those cases where the court concluded no waiver occurred, only a minimal amount of pretrial activity was involved or there was some sort of mitigating factor as discussed above. *See Teneco*, 770 F.2d at 420-21; *KeyTrade*, 404 F.3d at 897-98; *Mitsui*, 2005 WL 1214603 at *6-7.

In cases where the Fifth Circuit has found waiver, the party seeking arbitration delayed in asserting its right to arbitrate and/or participated in extensive discovery and had filed several motions.  Additionally, in several cases the party opposing arbitration had incurred large costs up to the time when the motion to compel arbitration was filed.   While there is no set rule as to how

long a party may wait to assert its right to arbitration, in most waiver cases over a year had passed

from the initial filing of a lawsuit.  *See, e.g.,    Frye*, 877 F.2d at 399  (finding the passage of

approximately two-and-a-half years contributed to a finding of waiver); *Price*, 791 F.3d at 1158-59

(finding the passage of seventeen months contributed to a finding of waiver); *Miller*, 781 F.2d at

497-98 (finding the passage of three-and-a-half years contributed to a finding of waiver).  In addition

to the passage of time, courts have focused upon how extensive the pretrial litigation was, how much

in attorneys' fees had been incurred up to filing of the motion to compel arbitration, and even

whether the party seeking arbitration had filed the lawsuit against the party opposing arbitration.

*See, e.g., Miller*, 781 F.2d at 497-98 (finding waiver when the party seeking arbitration had filed the

lawsuit and the opposing party had paid over $85,000.00 in legal fees and expended more than 300

hours of its employees' times in defending the claims); *Brown-McKee, Inc. v. Fiatallis Constr.*

*Machinery, Inc.*, 587 F.Supp. 38, 39-40 (5thCir. 1984) (finding waiver when the party seeking

arbitration had filed the lawsuit and spent $1400.00 in legal fees); *Republic Ins. Co. v. Paico*

*Receivables, L.L.C.*, 383 F.3d 341, 344-45 (5th Cir. 2004) (finding waiver when the party seeking

arbitration had been involved in extensive litigation such as counterclaims, full-fledged discovery,

including four depositions, and filed two motions to compel discovery, a motion for summary

judgment, and a motion in limine); *Price*, 791 F.3d at 1158-59 (finding waiver where the party

seeking arbitration initiated extensive discovery, answered twice, filed motions to dismiss and for

summary judgment and obtained two extensions of pretrial discovery); *Huntington Bank, Inc. v.*

*Merrill Lynch, Pierce, Fenner & Smith*, 1996 WL 46808, *3-4 (Jan. 15, 1996 5th Cir.) (finding

waiver where Huntington filed the lawsuit, opposed motions filed against it, participated in five

depositions, and the opposing party had incurred at least $85,000 in legal expenses).

-10-

While the facts in the instant case are not exactly analogous to the facts in any of the above cited cases, this court finds that when examining all of the facts taken as a whole, a waiver has occurred.  First, TemPay filed a lawsuit against Plaintiff in the Northern District of Texas, and its claims in that suit have been consolidated into the instant lawsuit.  Second, TemPay did not assert or reserve its right to arbitrate in its original complaint, in its answer, or even in its amended answer.  In fact, the original lawsuit was filed on October 26, 2005, meaning that fifteen months passed before TemPay even asserted its right to arbitrate in its motion to dismiss [docket entry #49] filed January 26, 2007.  Third, TemPay has filed two motions to dismiss, amended its answer and counterclaims, and sought two (agreed) orders to extend or modify various deadlines.  Finally, Plaintiff has incurred approximately $34,345.00 in attorneys' fees thus far.  Response, Ex. G.  Even deducting the costs of the two depositions, which TemPay argues should not be included because they were depositions for Spherion witnesses, the costs incurred are still high.  When all of these acts are taken together, the court finds that TemPay substantially invoked the judicial process, and Plaintiff would be prejudiced if this case were stayed in order for arbitration to occur with respect to some, but not all, of the claims in this action.  Therefore, the court concludes that TemPay has waived its right to arbitrate the relevant claims.

## CONCLUSION

Upon consideration of the motions, responses, replies and applicable law, the court makes the following rulings.  The Motion for a More Definite Statement Pursuant to Rule 12(e) (docket entry #22) is hereby **DENIED**, Defendant Tempay, Inc.'s Motion to Dismiss First Amended Complaint (docket entry #18) is hereby **DENIED**, and Defendant Tempay, Inc.'s Motion to Dismiss and Stay (docket entry #49) is hereby **DENIED**.

**SIGNED this the 23rd day of March, 2007.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE