IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILLIPS STAFFING SERVICES, INC. d/b/a/ ALL STAR STAFFING SERVICES, INC., Plaintiff, | § § § § § | |
| v. | § | Case No. 4:05-cv-407 |
| SPHERION ATLANTIC WORKFORCE, L.L.C.; SPHERION PACIFIC WORKFORCE, L.L.C.; and TEMPAY, INC., Defendants. | § § § § § § | |

**MEMORANDUM OPINION & ORDER GRANTING
SPHERION DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is the Motion for Summary Judgment (de # 75) filed by Defendants Spherion Atlantic Workforce, L.L.C. and Spherion Pacific Workforce, L.L.C. (Collectively, "Spherion"). Having considered the Motion and the relevant legal principles, the court is of the opinion that the Motion should be GRANTED.

**I. BACKGROUND**

This case is a consolidation of two lawsuits: one lawsuit brought by Plaintiff Phillips Staffing Services, Inc. d/b/a All Star Staffing Services, Inc. ("Plaintiff") against Spherion and another lawsuit originally brought by TemPay, Inc. in the Northern District of Texas against Plaintiff and Spherion. By the parties' agreement, the latter case was transferred to the Eastern District and consolidated with the instant lawsuit. In accordance with the Consolidation Order, all filings have been made in the instant action.

This lawsuit involves disputes over two contracts. Plaintiff and TemPay entered into the first contract whereby TemPay agreed to perform various services and to provide funds to Plaintiff so that

Plaintiff could pay its temporary employees their wages. Thereafter, Plaintiff entered into an agreement with Spherion whereby Plaintiff would provide Spherion with temporary employees for Spherion to use to fulfill an agreement it had with Blockbuster, Inc. In essence, the agreements worked together as follows: TemPay conducted the necessary accounting, which it sent to Spherion. Once Blockbuster paid Spherion, Spherion would pay the invoice that TemPay had submitted. Upon receiving Spherion's payment, TemPay would deduct the amount it had previously paid to Plaintiff plus a fee and the remainder would be sent to Plaintiff as profits.

At some point the agreement broke down. Spherion stopped paying the invoices sent to them by TemPay, and TemPay therefore stopped advancing funds to Plaintiff. As a result, Plaintiff was unable to pay the numerous temporary employees it had provided to Spherion and also had to lay off several temporary employees. Plaintiff also alleges that TemPay refused to pay Plaintiff the profits Plaintiff was entitled to under the TemPay contract and TemPay failed to perform on obligations it had agreed to under the TemPay contract. TemPay asserts a counterclaim against Plaintiff and its owner, Philip Dusold, for breach of contract.

## II. LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all

reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id*. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

### III. DISCUSSION & ANALYSIS

Plaintiff contends that Spherion breached its contract with Plaintiff by failing to make payments according to the invoices received by Spherion. In order to prevail on a breach of contract claim, the claimant must show: "(1) a valid contract between plaintiff and defendant existed; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff sustained damages as a result of the breach." *Killeen v. Lighthouse Elec. Contrs., L.P.*, 248 S.W.3d 343, 349 (Tex. App.—San Antonio 2007, pet. denied). The uncontradicted affidavit of Melanie Jenkins states that Spherion has paid all amounts owed under the contract. (Mot. Ex. A. ¶

4.) Because Plaintiff is unable to create a triable issue as to the third element of its breach of contract claim, that claim must fail as a matter of law. As Plaintiff's claim of tortious interference with its contract with TemPay is based on the same theory (Spherion's failure to pay invoices), that claim fails as a matter of law for the same reason.

Plaintiff next asserts a claim of conspiracy against TemPay. Plaintiff alleges that TemPay and Spherion conspired to harm Plaintiff by withholding payments owed to Plaintiff and sharing Plaintiff's confidential information among one another in breach of contracts between the Defendants and Plaintiff. In Texas, the elements of civil conspiracy are:

(1) two or more persons;

(2) an object to be accomplished;

(3) a meeting of the minds on the object or course of action;

(4) one or more unlawful, overt acts; an

(5) damages as a proximate result.

*Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). The Jenkins affidavit states "Spherion has no relationship with TemPay and was unaware of TemPay's arrangement with All Star or its contract with All Star until the above-styled lawsuit was filed." (Mot. Ex. A. ¶ 6.) This statement negates at least the third element of Plaintiff's civil conspiracy claim, rendering it insufficient as a matter of law.

As for the remainder of Plaintiff's claims against Spherion, Plaintiff has adduced no evidence that it would be entitled to relief. Plaintiff has not established that outstanding amounts remain unpaid by Spherion. *Powers v. Adams*, 2 S.W.3d 496, 499 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Plaintiff's only proof supporting its slander claim consists of conclusory statements made

in its responses to Spherion's interrogatories; there is no competent summary judgment evidence on any of the elements of that claim.  Finally, Plaintiff has put forth no proof that Spherion "committed an independently tortious or wrongful act" that prevented some prospective relationship between Plaintiff and some other entity from forming.  *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 381-82 (Tex. App.—Houston [1st Dist.] 2005, no pet.).  Accordingly, Plaintiff's suit on sworn account and claims of slander and tortious interference with prospective contractual relations are legally insufficient at this stage in the proceedings.  *Celotex*, 477 U.S. at 323.

## IV.  CONCLUSION

Based on the foregoing, the court is of the opinion that Spherion's Motion for Summary Judgment should be, and hereby is, GRANTED.  Any motions that would otherwise remain pending should be, and hereby are, DENIED AS MOOT.

IT IS SO ORDERED.

**SIGNED this the 26th day of November, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE