IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILLIPS STAFFING SERVICES, INC. d/b/a/ ALL STAR STAFFING SERVICES, INC., Plaintiff, | § § § § § | |
| v. | § § | Case No. 4:05-cv-407 |
| SPHERION ATLANTIC WORKFORCE, L.L.C.; SPHERION PACIFIC WORKFORCE, L.L.C.; and TEMPAY, INC., Defendants. | § § § § § | |

**MEMORANDUM OPINION & ORDER GRANTING TEMPAY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is "Defendant TemPay, Inc.'s Motion for Partial Summary Judgment and Brief in Support" (de # 72). Having considered the Motion and the relevant legal principles, the court is of the opinion that the Motion should be GRANTED.

**I. BACKGROUND**

This case is a consolidation of two lawsuits: one lawsuit brought by Plaintiff Phillips Staffing Services, Inc. d/b/a All Star Staffing Services, Inc. ("Plaintiff") against Spherion Atlantic Workforce, L.L.C. and Spherion Pacific Workforce, L.L.C. (collectively, "Spherion") and another lawsuit originally brought by TemPay, Inc. ("TemPay") in the Northern District of Texas against Plaintiff and Spherion. By the parties' agreement, the latter case was transferred to the Eastern District and consolidated with the instant lawsuit. In accordance with the Consolidation Order, all filings have been made in the instant action.

This lawsuit involves disputes over two contracts. Plaintiff and TemPay entered into the first contract whereby TemPay agreed to perform various services and to provide funds to Plaintiff so that

Plaintiff could pay its temporary employees their wages. Thereafter, Plaintiff entered into an agreement with Spherion whereby Plaintiff would provide Spherion with temporary employees for Spherion to use to fulfill an agreement it had with Blockbuster, Inc. In essence, the agreements worked together as follows: TemPay conducted the necessary accounting, which it sent to Spherion. Once Blockbuster paid Spherion, Spherion would pay the invoice that TemPay had submitted. Upon receiving Spherion's payment, TemPay would deduct the amount it had previously paid to Plaintiff plus a fee and the remainder would be sent to Plaintiff as profits.

At some point the agreement broke down. Spherion stopped paying the invoices sent to them by TemPay, and TemPay therefore stopped advancing funds to Plaintiff. As a result, Plaintiff was unable to pay the numerous temporary employees it had provided to Spherion and also had to lay off several temporary employees. Plaintiff also alleges that TemPay refused to pay Plaintiff the profits Plaintiff was entitled to under the TemPay contract and TemPay failed to perform on obligations it had agreed to under the TemPay contract. TemPay asserts a counterclaim against Plaintiff and its owner, Philip Dusold, for breach of contract.

## II. LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all

reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id*. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

### III. DISCUSSION & ANALYSIS

TemPay's first argument is that Texas law prevents Plaintiff from pursuing its claims because All Star has not paid franchise taxes owed to the Comptroller of the State of Texas. In support of its argument, TemPay attaches a printout from the Comptroller's website indicating that Plaintiff is "Not in Good Standing" with the Comptroller. Texas law provides that a corporation that has forfeited its corporate privileges "shall be denied the right to sue or defend in a court of this state." TEX. TAX CODE § 171.252 (West 2007). Corporate privileges are forfeited if the entity "does not pay, within 45 days after the date notice of forfeiture is mailed, a tax imposed by this chapter. . ."

TEX. TAX CODE § 171.251(2) (West 2007). The evidence offered by TemPay does not establish that Plaintiff has forfeited its corporate privileges. For example, the Comptroller may have sent Plaintiff a notice of forfeiture, say, 15 days prior to the date TemPay printed the form it submitted to the court. In such an instance, Plaintiff may indeed not be in good standing with the Comptroller because it failed to pay franchise taxes, but would not yet have forfeited its corporate privileges under Section 171.251(2). The court will address TemPay's arguments on the merits of Plaintiff's claims.

Plaintiff contends that TemPay breached its contract with Plaintiff by failing to forward funds to Plaintiff as the agreement called for. In order to prevail on a breach of contract claim, the claimant must show: "(1) a valid contract between plaintiff and defendant existed; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff sustained damages as a result of the breach." *Killeen v. Lighthouse Elec. Contrs., L.P.*, 248 S.W.3d 343, 349 (Tex. App.—San Antonio 2007, pet. denied). The uncontradicted affidavit of Larry Holstein states that "TemPay at all times complied with the [contract between TemPay and Plaintiff]." (Mot. Ex. A. ¶ 2.) Because Plaintiff is unable to create a triable issue as to the third element of its breach of contract claim, that claim must fail as a matter of law.

Plaintiff also raises a claim under the Texas Deceptive Trade Practices Act ("DTPA"). To prevail, Plaintiff must demonstrate that "(1) [it] is a consumer, (2) [TemPay] engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the [Plaintiff]'s damages." *Doe v. Boys Clubs*, 907 S.W.2d 472, 479 (Tex. 1995). Holstein's above-quoted statement negates the latter two elements. If TemPay performed as provided under the contract, its actions can neither be said to be false, misleading nor deceptive. Moreover, TemPay's proper performance leaves Plaintiff without damages attributable to TemPay. That the contract proved to

be unprofitable for Plaintiff is not evidence that it was breached. Plaintiff's inability to raise a genuine issue of material fact as to the latter two elements of its DTPA claim renders it insufficient as a matter of law.

Plaintiff next asserts a claim of conspiracy against TemPay. Plaintiff alleges that TemPay and Spherion conspired to harm Plaintiff by withholding payments owed to Plaintiff and sharing Plaintiff's confidential information among one another in breach of contracts between the Defendants and Plaintiff. In Texas, the elements of civil conspiracy are:

(1) two or more persons;

(2) an object to be accomplished;

(3) a meeting of the minds on the object or course of action;

(4) one or more unlawful, overt acts; an

(5) damages as a proximate result.

*Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). The Holstein affidavit states "TemPay's only contact with All Star's customers [of which Spherion was one] was for the sole purpose of enforcing its right under the Funding Agreement as authorized under the Funding Agreement." (Mot. Ex. A. ¶ 10.) As the uncontradicted evidence establishes that no unlawful acts were taken in furtherance of the purported conspiracy, Plaintiff's conspiracy claim fails as a matter of law.

TemPay asserted a counterclaim against Plaintiff and against Philip Dusold as a guarantor of the contract between Plaintiff and TemPay. The Holstein Affidavit establishes that Plaintiff breached the contract between it and TemPay. (*See* Mot. Ex. A. ¶¶ 2-6.) "With respect to damages in breach-of-contract cases, the general rule is that the complaining party is entitled to recover the amount necessary to put him in as good a position as if the contract had been performed." *Bowen*

*v. Robinson*, 227 S.W.3d 86, 96 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (internal citation omitted). TemPay has substantiated its losses attributable to Plaintiff's breach in the amount of $383,601.05. (Mot. Ex. A-2.) TemPay should thus prevail on its breach of contract claim in that amount as a matter of law.

## IV. CONCLUSION

Based on the foregoing, the court is of the opinion that "Defendant TemPay, Inc.'s Motion for Partial Summary Judgment and Brief in Support" (de # 72) should be, and hereby is, GRANTED.

IT IS SO ORDERED.

**SIGNED this the 26th day of November, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE